Theresa Friedman & Sons, Inc. *v.* Zoning Board of Adjustment (et al., Appellant).

Argued January 11, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*James L. Stern,* Deputy City Solicitor, with him *Lenard L. Wolffe,* Assistant City Solicitor, *Shirley S. Bitterman,* Deputy City Solicitor, and *David Berger,* City Solicitor, for City of Philadelphia, intervening appellant.

*John A. Geisz,* for protestants, appellants.

*Philip Sterling,* with him *Milton A. Feldman,* and *Sterling, Magaziner, Stern & Levy,* for appellee.

OPINION PER CURIAM, March 22, 1960:

The order is affirmed on the opinion of Judge WEINROTT, 20 Pa. D. & C. 2d 149.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

It is of extreme importance that the zoning board be maintained as a paramount power in deciding factual zoning questions. Here, acting only on the record established by the zoning board, the court below has substituted its own views for those of the zoning board

which is entrusted with the responsibility to make findings of fact.

The function of the court of common pleas, on an appeal from the action of a zoning board where it does not hear any testimony, is simply to determine whether the zoning board flagrantly abused its discretion or committed a positive error of law. The court below did not confine itself to that type of appellate review.

There was ample testimony before the zoning board that the new storage warehouse would increase or intensify the cannery's offensive effects on the neighborhood, even though the variance sought was for new storage facilities. To me, it seems rather logical to infer that in the event permission for the erection of new storage facilities is granted, the new storage facilities would make space available to the cannery in the other buildings, which space could then be utilized to intensify the cannery's offensive effects on the neighborhood. That was the inference the zoning board drew from the evidence when it refused to grant a variance. Drawing inferences of this nature is the function of the zoning board, committed thereto because of their peculiar expertise.

I would affirm the decision of the board and reverse the court below.